**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| HARTFORD UNDERWRITERS INSURANCE | ) | |
| COMPANY, and HARTFORD CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | No.: 14-cv-63 |
| vs. | ) | |
| | ) | |
| REDBOX AUTOMATED RETAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiffs, Hartford Fire Insurance Company ("Hartford Fire"), Hartford Underwriters Insurance Company ("Hartford Underwriters") and Hartford Casualty Insurance Company ("Hartford Casualty")(collectively referred to as "Hartford"), by and through its attorneys, Michael J. Duffy and Ashley L. Conaghan of Tressler LLP, and for their Complaint for Declaratory Judgment against Defendant Redbox Automated Retail, LLC ("Redbox"), state as follows:

**STATEMENT OF CASE**

1.     This action seeks a declaration that Hartford owes no insurance coverage obligations to Redbox in connection with the claims against it in a lawsuit styled as <u>Francis Jancik, individually and on behalf of others similarly situated, v. Redbox Automated Retail LLC and Verizon Redbox Digital Entertainment Services LLC</u>, Case No. SACV12091387 DOCRNBX currently pending in the U.S. District Court for the Central District of California ("<u>Jancik</u> suit"). A copy of the <u>Jancik</u> Complaint is attached hereto as Exhibit A.

**PARTIES, JURISDICTION AND VENUE**

2.      Hartford Fire is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.

3.      Hartford Underwriters is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.

4.      Hartford Casualty is an insurance company existing under the laws of Indiana with its principal place of business in Connecticut.

5.      Upon information and belief, Redbox is a Delaware limited liability company with its principal place of business in Illinois.  Upon information and belief, the member(s) of Redbox are citizens of Delaware, Illinois and Washington.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendant, who do business within this judicial district, and because this case involves coverage under certain insurance policies issued in this District.

**FACTS**

8.      Hartford Fire issued a liability policy to Redbox bearing number 31 UUN TD1553 effective from December 1, 2005 to December 1, 2006.  Hartford Underwriters issued a liability policy to Redbox bearing number 31 UUN TD1553 effective from December 1, 2006 to

December 1, 2007.  Hartford Fire issued a liability policy to Redbox bearing number 31 UUN TD1553 effective from December 1, 2007 to December 1, 2008.  Hartford Fire also issued a liability policy to Redbox bearing number 83 UEN NY6919 effective from December 1, 2008 until it was cancelled on September 1, 2009. True copies of these primary policies are attached as Exhibits B through E.

9.     Hartford Casualty issued umbrella policies bearing number 31 XHU TD0699 effective annually from December 1, 2005 to December 1, 2008.  Hartford Casualty also issued an umbrella policy bearing policy number 83 XHU NY 5193 effective from December 1, 2008 until it was cancelled on September 1, 2009.  True copies of these umbrella policies are attached as Exhibits F through I. Unless otherwise alleged, the Hartford Fire and Hartford Underwriters primary policies and Hartford Casualty umbrella policies are hereinafter referred to collectively as "Hartford Policies."

10.     The Hartford Fire and Hartford Underwriters Policies provide, in part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the stock insurance company member of The Hartford providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning.  Refer to Section V – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damages" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   *       *       *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      *       *       *

2. **Exclusions**

   This insurance does not apply to:

   a. Expected Or Intended Injury

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

      *       *       *

4

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   \*     \*     \*

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**

   This insurance does not apply to:

   a. **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

   \*     \*     \*

   c. **Material Published Prior to Policy Period**

   "Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

   \*     \*     \*

**g.** **Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement."

\* \* \*

**j.** **Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

(1) Advertising, broadcasting, publishing or telecasting;

\* \* \*

However, this exclusion does not apply to Paragraphs 17. a., b. and c. of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, placing an "advertisement" for or linking to others on your website, by itself, is not considered the business of advertising, broadcasting, publishing or telecasting.

\* \* \*

**t.** **Discrimination or Humiliation**

"Personal and advertising injury" arising out of the discrimination or humiliation committed by or at the direction of any "executive officer", director, stockholder, partner or member of the insured.

\* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*       \*       \*

**4.      Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage part, our obligations are limited as follows:

**a.      Primary Insurance**

This insurance is primary except when b. below applies.  If other insurance is also primary, we will share with all that other insurance by the method described in c. below.

**b.      Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

\*       \*       \*

**(6)      When You Are Added As An Additional Insured To Other Insurance**

Any other insurance available to you covering liability for damages arising out of the premises or operations, or products and completed operations, for which you have been added as an additional insured by that insurance; or

\*       \*       \*

**c.      Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of

insurance or none of the loss remains, whichever comes first.

\*　　\*　　\*

**SECTION V -- DEFINITIONS**

1. "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

    a. (1)　Radio

      (2)　Television;

      (3)　Billboard;

      (4)　Magazine;

      (5)　Newspaper; or

    b.　Any other publication that is given widespread public distribution.

    However, "advertisement" does not include:

    a.　The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

    b.　An interactive conversation between or among persons through a computer network.

\*　　\*　　\*

5. "Bodily injury" means physical:

    a.　Injury;

    b.　Sickness; or

    c.　Disease

    sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*     \*     \*

16.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.     "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    a.     False arrest, detention or imprisonment;

    b.     Malicious prosecution;

    c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.     Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.     Oral, written or electronic publication of material that violates a person's right or privacy;

    f.     Copying, in our "advertisement," a person's or organization's "advertising idea" or style of "advertisement";

    g.     Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

    h.     Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*     \*     \*

20.     "Property damage" means:

    a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs.

      a.      Stored as or on;

      b.      Created or use on; or

      c.      Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*      \*      \*

**EXCLUSION – WEB SITE RELATED**

**PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABIILTY COVERAGE PART

A.      Paragraph **2., Exclusions** under **Section I – Coverage B – Personal And Advertising Injury** is changed as follows:

      1.      The last Paragraph of Exclusion **j.**, is replaced as follows:

For purposes of this exclusion, placing an "advertisement" for or linking to others on "your web site," by itself, is not considered the business of advertising, broadcasting, publishing or telecasting.

      2.      Exclusion **k.** is replaced as follows:

**k.** **Your Web Site, Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of "your web site" or an electronic chat room or bulletin board hosted, owned, or over which control is exercised by any insured.

B. **Section V – Definitions** is changed as follows:

1. Paragraph **b.** of the definition of "Advertisement" is replaced by the following:

**b.** Any other publications, other than through The Internet, that is given widespread public distribution.

2. The following definition is added:

"Your web site" means a web page or set of interconnected web pages prepared and maintained by you, or by others on your behalf, that is accessible over an internet.

\* \* \*

See, Exhibits B-E.

11. The Hartford Casualty umbrella policies provide, in part:

**UMBRELLA LIABILITY POLICY PROVISIONS**

In this policy the words "you" and "your" refer to the Named Insured first shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy. "We," "us" and "our" refer to the stock insurance company member of The Hartford Financial Services Group Inc. shown in the Declarations.

Other words and phrases that appear in quotation marks also have special meaning. Refer to DEFINTIONS (Section VII).

IN RETURN FOR THE PAYMENT OF THE PREMIUM, in reliance upon the statements in the Declarations made a party hereof and

subject to all of the terms of this policy, we agree with you as follows.

**SECTION I – COVERAGES**

**INSURING AGREEMENTS**

**A.      Umbrella Liability Insurance**

1.      We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence." But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE, SETTLEMENT**.

2.      This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

a.      The "bodily injury," "property damage" or "personal and advertising injury" occurs during the "policy period"; and

\*      \*      \*

**B.      Exclusions**

This policy does not apply to:

\*      \*      \*

4.      **Personal And Advertising Injury**

This policy does not apply to "personal and advertising injury."

12

**EXCEPTION**

This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury."

\*     \*     \*

14.     **Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonableness force to protect persons or property.

\*     \*     \*

**SECTION VI -- CONDITIONS**

\*     \*     \*

**G.     Other insurance**

This policy shall apply in excess of all "underlying insurance" whether or not valid and collectible. It shall also apply in excess of other valid and collectible insurance (except other insurance purchased specifically to apply in excess of this insurance) which also applies to any loss for which insurance is provided by this policy.

These excess provisions apply, whether such other insurance is stated to be:

1.     Primary

2.     Contributing;

3.     Excess; or

4.     Contingent.

**SECTION VII – DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy**.

"**Accident**" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

\*       \*       \*

"**Damages**" include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

"Damages" do not include:

1.      Fines;

2.      Penalties; or

3.      Damages for which insurance is prohibited by the law applicable to the construction of this policy.

Subject to the foregoing, "damages" include damages for any of the following which result at any time from "bodily injury" to which this policy applies:

1.      Death;

2.      Mental anguish;

3.      Shock;

4.      Disability; or

5.      Care and loss of services or consortium.

\*       \*       \*

"**Occurrence**" means

1.      With respect to "bodily injury" or "property damage":  an accident, including continuous or repeated exposure to substantially the same general harmful conditions; and

2.      With respect to "personal and advertising injury":   an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

**"Policy period"** means the period beginning with the inception date stated as such in the Declarations and ending with the earlier of:

1.      The date of cancellation of this policy; or

2.      The expiration date stated as such in the Declarations.

\*        \*        \*

See, Exhibit F-I.

12.     Redbox has demanded that Hartford defend and indemnify it under the Hartford Policies with respect to the claims against it in the Jancik suit.

13.     Hartford denies that it owes Redbox any defense or indemnity obligations with respect to the claims against it in the Jancik suit.

14.     An actual and justiciable controversy exists between Hartford and Redbox as to the availability of insurance coverage for Redbox with respect to the Jancik lawsuit under the Hartford Policies and pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

### COUNT I

### NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"

15.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

16.     Subject to all of the their terms, the Hartford Policies provide coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Hartford Policies.

17.     The claims in the <u>Jancik</u> suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

18.     Accordingly, Hartford does not owe any defense or indemnity obligations to Redbox under the "bodily injury" or "property damage" liability coverage of the Hartford Policies for the claims against it in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT II

## NO "PERSONAL AND ADVERTISING INJURY"

19.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

20.     Subject to all of their terms, the Hartford Policies provide coverage for certain claims for "damages" because of "personal and advertising injury."

21.     The most, if not all, of the claims in the <u>Jancik</u> suit do not allege "personal and advertising injury" as defined by the Policies.

22.     Accordingly, Hartford does not owe any defense or indemnity obligations to Redbox under the "personal and advertising injury" liability coverage for the Hartford Policies for such claims in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT III**

**NO COVERED "DAMAGES"**

23.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

24.     Subject to all of its terms, the Hartford Policies only require that the insurer pay "damages" which the insured becomes legally obligated to pay.

25.     The <u>Jancik</u> suit seeks injunctive relief, punitive damages, attorneys' fees and costs.

26.     These claims do not seek "damages" under the Hartford Policies as that term is used in the Hartford Policies or under the applicable public policy.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no coverage to Redbox for these claims against it in the <u>Jancik</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT IV**

**NO COVERAGE OUTSIDE POLICY PERIODS**

27.      Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

28.      Subject to all of their terms, the Hartford Policies only provide coverage for "bodily injury" and "property damage," if such "bodily injury" or "property damage" occur during the policy period, and only for "personal and advertising injury," if the "personal and advertising injury" offense is committed during the policy period.

29.      The <u>Jancik</u> suit does not concern "bodily injury," "property damage" or a "personal and advertising injury" offense which took place during the effective policy period of any of the Hartford Policies.

30.      Accordingly, Hartford has no duty to defend or indemnify Redbox under the Hartford Policies for the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

18

## COUNT V

### EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE

31.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

32.     The Expected or Intended Injury Exclusion in the Hartford Policies precludes coverage for any "bodily injury" or "property damage" which is expected or intended from Redbox's standpoint.

33.     To the extent that any injury or damage for "bodily injury" or "property damage" is alleged in the Jancik suit, the Expected or Intended Exclusion bars coverage.

34.     Accordingly, Hartford has no duty to defend or indemnify Redbox for such claims against them in the Jancik suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the Jancik suit; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT VI

### QUALITY OR PERFORMANCE OF GOODS – FAILURE TO CONFORM TO STATEMENTS

### EXCLUSION PRECLUDES COVERAGE

35.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

36.     The Hartford Policies exclude coverage for "personal and advertising injury" arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement."

37.     The claims in the <u>Jancik</u> suit fall within the Failure to Conform Exclusion.

38.     Therefore, Hartford has no duty to defend or indemnify Redbox for these claims in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit; and

B.     For all such just and equitable relief, including costs of this suit.

### <u>COUNT VII</u>

### <u>INSUREDS IN MEDIA AND INTERNET TYPE BUSINESSES EXCLUSION PRECLUDES COVERAGE</u>

39.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

40.     The Hartford Policies preclude coverage for claims for "damages" because of "personal and advertising" injury arising out of an offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting, subject to an exception, not applicable in this case, for claims based upon false arrest, malicious prosecution or wrongful eviction.

41.     Redbox is in the business of advertising, broadcasting, publishing or telecasting.

42. The claims in the <u>Jancik</u> suit arise out of Redbox's advertising, broadcasting, publishing or telecasting business.

43. Accordingly, Hartford has no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit; and

B. For all such just and equitable relief, including costs of this suit.

## **COUNT VIII**

### **KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION PRECLUDES COVERAGE**

44. Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

45. The Knowing Violation of Rights of Another Exclusion in the Hartford Policies precludes coverage for claims for "personal and advertising injury" that arise out of "an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

46. To the extent that "damages" for "personal and advertising injury" is alleged in <u>Jancik</u>, the Knowing Violation of Rights of Another Exclusion bars coverages.

47. Accordingly, Hartford has no duty to defend or indemnify Redbox for such claims in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.    A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT IX

**DISCRIMINATION OR HUMILIATION EXCLUSION PRECLUDES COVERAGE**

48.    Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

49.    The Discrimination or Humiliation Exclusion precludes coverage for "personal and advertising injury" arising out of the discrimination or humiliation committed by or at the direction of any "executive officer", director, stockholder, partner or member of the insured.

50.    To the extent that "damages" for "personal and advertising injury" is alleged, the Discrimination or Humiliation Exclusion bars coverage for the <u>Jancik</u> suit.

51.    Therefore, Hartford has no duty to defend or indemnify Redbox for the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company,  and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox

for the claims against it in the Jancik suit; and

B.      For all such just and equitable relief, including costs of this suit.

### COUNT X

### MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION PRECLUDES COVERAGE

52.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

53.     The Knowledge of Falsity Exclusion in the Hartford Policies preclude coverage for "personal and advertising injury" arising out of oral, written or electronic publication of materials if done by or at the direction of the insured with knowledge of its falsity.

54.     To the extent that "damages" for "personal and advertising injury" is alleged in the Jancik suit, the Knowledge of Falsity Exclusion bars coverage for such claims.

55.     Therefore, Hartford has no duty to defend or indemnify Redbox for these claims in the Jancik suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox

for the claims against it in the Jancik suit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT XI**

**MATERIAL PUBLISHED PRIOR TO POLICY PERIOD EXCLUSION PRECLUDES COVERAGE**

56.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

57.     The Hartford Policies exclude coverage for "personal and advertising injury" "arising out of oral, written, or electronic publication of material whose first publication took place before the beginning of the policy period."

58.     To the extent that the claims in the <u>Jancik</u> suit concern material first published before the inception date of any of the Hartford Policies, there is no coverage for those claims.

59.     Thus, Hartford has no duty to defend or indemnify Redbox for these claims in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT XII**

**WEB SITE RELATED PERSONAL AND ADVERTISING INJURY EXCLUSION PRECLUDES COVERAGE**

60.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

61.     The Web Site Related Personal and Advertising Injury Exclusion precludes coverage for "personal and advertising injury" arising out of "your website site."

62.     To the extent that the claims in the <u>Jancik</u> suit concern "personal and advertising injury" arising from Redbox's website(s), coverage is precluded for these claims.

63.     Thus, Hartford has no duty to defend or indemnify Redbox for these claims in the <u>Jancik</u> suit.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT XIII

## OTHER INSURANCE

64.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

65.     Upon information and belief, there may be other applicable coverage for Redbox.

66.     Therefore, if there is other applicable insurance, any coverage under the Hartford Policies are excess.

67.     Accordingly, Hartford has no duty to defend or indemnify Redbox for the <u>Jancik</u> suit until the other insurance is exhausted.

WHEREFORE, Plaintiffs, Hartford Fire Insurance Company, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Redbox for these claims against it in the <u>Jancik</u> suit until other insurance is exhausted; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT XIV**

**THE PERSONAL AND ADVERTISING EXCLUSION IN THE HARTFORD CASUALTY POLICIES**

**PRECLUDES COVERAGE**

68.     Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

69.     The Umbrella Liability Provisions of the Hartford Casualty Policies preclude coverage for "personal and advertising injury," subject to an exception if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

70.     Because there is no coverage for any alleged "personal and advertising injury" under the Insuring Agreement and/or Exclusions of the Hartford Fire primary policies, coverage for "personal and advertising injury" is excluded under the Umbrella Liability Provisions of the Hartford Casualty Policies.

71.     Accordingly, Hartford Casualty has no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.    A declaration finding that Hartford Casualty owes no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT XV

### HARTFORD CASUALTY POLICIES ARE EXCESS

72.    Plaintiffs incorporate and restate the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

73.    To the extent that there may be coverage under the Hartford Casualty Policies, the Hartford Casualty Policies do not provide a duty to defend until the underlying limits of the "underlying insurance" or any other insurance have been exhausted.

74.    The "underlying insurance" or any other insurance has not been exhausted. Therefore, Hartford Casualty has no duty to defend Redbox.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Hartford Casualty owes no duty to defend or indemnify Redbox for the claims against it in the <u>Jancik</u> suit until the underlying insurance or other insurance is exhausted; and

B.      For all such just and equitable relief, including costs of this suit.


Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY
HARTFORD UNDERWRITERS INSURANCE COMPANY
HARTFORD CASUALTY INSURANCE COMPANY


By:  _____/s/ Michael J. Duffy_____
                One of Their Attorneys

Michael J. Duffy - 6196669
mudffy@tresslerllp.com
Ashley L. Conaghan - 6303052
aconaghan@tresslerllp.com
TRESSLER LLP
Willis Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000
(312) 627-1717 (fax)
#592110